BEAM, Circuit Judge,
dissenting.
I respectfully dissent from the judgment of the court. I would, instead, reverse the district court and remand this matter for a determination of liability and damages.
The appellants suffered substantial damage to their farmland as a result of the catastrophic flood of 1993 on the Missouri River and its tributaries. Officials of the United States Corps of Engineers (Corps) apparently saw this unfortunate occurrence as an opportunity to help the Missouri Department of Conservation (MDC) obtain title to appellants’ farm property. MDC wanted this land because of its view that the property provided a strategic connection between two important state-owned wildlife refuges. Accordingly, the Corps appears to have instituted a plan to use (actually misuse) governmental power to render the land valueless for agricultural purposes, thus coercing a sale of the property to MDC.
The strategy commenced with the Corps’ effort to interfere with appellants’ attempt to fix levees damaged by the flood, remove sediment deposits and repair drains. After preliminary contacts by Corps’ employees, which contacts carried *858 with them the obvious inference of Corps’ jurisdiction under the Clean Water Act (CWA), 33 U.S.C. § 1344(a), over at least some details of the restoration effort, the Corps sought and obtained a United States District Court injunction prohibiting appellants’ work, some of which was underway. As noted by the court, we reversed this injunction order and assessed fees and costs against the Corps, noting the weakness of its legal position in the litigation. Judge Wollman’s opinion in this earlier case highlights some of the inconsistent acts of the Corps. He said:
Although the government has vigorously asserted, both in the court below and on appeal, that this is not a Clean Water Act case but is instead an action for breach of contract, the only irreparable harm the government has asserted is the landowners’ alleged violation of the Clean Water Act, 33 U.S.C. § 1251 et seq. The government has, however, refused to address any of the landowners’ arguments that their actions do not violate the Clean Water Act. The government cannot have it both ways.
United States v. Green Acres Enters., Inc., 86 F.3d 130, 133 (8th Cir.1996). Losing on the contract litigation, the Corps undertook a bait and switch approach in which it attempted to assert both CWA jurisdiction and uncertainty about CWA jurisdiction, depending upon which approach seemed most expedient at the moment. In my view, these activities spawned a “federal tort claim,” providing the appellants a valid cause of action in this case.
As outlined in more detail later, the Corps told appellants that they needed an excavation permit required under section 404 of the CWA. 33 U.S.C. § 1344(a). But, the Corps has no jurisdiction under the CWA unless the proposed activities would result in discharges into the “waters of the United States.” 33 U.S.C. §§ 1311(a), 1362(7), 1362(12)(A). “If an activity takes place outside the waters of the United States, or if it does not involve a discharge [of prohibited pollutants], it does not need a section 404 permit, whether or not it is part of an established farming, silviculture or ranching operation.” 33 C.F.R. § 323.4(a)(1)(h). Waters of the United States include “wetlands.” 33 C.F.R. § 328.3(a)(2). So, unless appellants’ farmland was classified as “wetlands” under the Act, the Corps had no jurisdiction over the work proposed by appellants. Yet, even though authorized to determine jurisdiction under the CWA, 33 C.F.R. § 325.9, the Corps failed to make this determination at any time. Indeed, it refused to do so while at the same time threatening appellants with the imposition of onerous CWA remedies. This refusal likely stemmed from the Corps’ belief that the long established farmable lands were not “wetlands” at all.
The Corps’ brief in this appeal discloses that as late as September 15, 1997, well after the Tulloch Rule injunction violation, there had been no Natural Resources Conservation Service (NRCS) delineation of wetlands for appellants’ property.[8] The record establishes repeated attempts by the appellants to have the Corps seek such a delineation and repeated refusals by the Corps to do so. Within this jurisdiction/no jurisdiction framework came the February 1997 letter at issue in this case.
*859 Janie Cavitt, an attorney in the Office of Counsel of the Kansas City District of the Corps, speaking on behalf of the Acting District Engineer, Ronald Janak, (clearly inferring Corps’ jurisdiction without any attempt to address the jurisdiction issue) sent the February 3,1997, letter stating, in part:
As you may know, because of a recent Federal case, the Corps has been directed to suspend enforcement of the excavation rule until the issue is ultimately settled in the courts. However, until the Courts rule on the efficacy of the Tulloch[9] Rule, we advise you to not perform any work which would be considered a discharge under the excavation rule.
Yet, at this point, the district court of the District of Columbia had indeed ruled on “efficacy of the Tulloch Rule,” enjoining its implementation. The injunction was in full force and effect and fully binding on the Corps at all times relevant to the Corps’ actions at issue in this case. Without withdrawing its obvious violation of the injunction, the Corps, in a follow-up letter dated April 28,1997, expanded its warning, speculating on the potential for additional CWA violations. All of this occurred, as earlier indicated, without any determination by the Corps that appellants’ property was within the CWA jurisdiction of the Corps.
Applying such tactics the Corps was again trying to have it “both ways.” That is, it acted like it had section 404 CWA wetland jurisdiction while at the same time insisting that it had no obligation to seek the NRCS determination. This approach was likely dictated, as earlier noted, by the Corps’ recognition that the appellants’ farmland was very likely not CWA wetlands.
Whether or not the Corps had authority to interfere with the appellants’ property rights, it did so. In the process, it violated the Tulloch Rule injunction to the clear detriment of appellants. In Missouri, evidence of the violation of an injunction with full knowledge of its terms provides the basis for recovery of damages in tort. Coleman v. Espy, 986 F.2d 1184, 1192 (8th Cir.1993) (holding that violation of a viable injunction establishes a tort action remediable through the Federal Tort Claims Act); State ex inf. Ashcroft v. Kansas City Firefighters Local No. 42, 672 S.W.2d 99, 109-16 (Mo.Ct.App.1984) (holding that union’s act in defiance of court injunction with knowledge of its contents provides basis for a tort recovery for damages); Coonis v. Rogers, 429 S.W.2d 709, 713 (Mo.1968) (holding that violation of court injunction by interfering with contract right with full knowledge of situation provides tort claim supporting recovery for damages). This precedent establishes the private analogue requirement of the FTCA.
I further note that the discretionary function defense in the FTCA does not *860 shield the Corps. Under the facts presented in this action, no properly asserta-ble element of judgment or choice was available to the Corps when it decided to violate the injunction.
I would reverse and remand for trial.

. Footnote 8 of the Corps' brief explains that "[a]s of January 1994, pursuant to an inter-agency Memorandum of Agreement, the delineation of wetlands (determination of whether land has the status of wetland) made by the [NRCS] on agricultural lands was to be used by the Corps and the EPA as the official delineation for the purpose of determining § 404 wetland jurisdiction.”

. In 1986, the Corps issued a regulation purporting to implement its section 404 CWA congressional authorization. In 1993, the Corps, in response to litigation instituted by environmental groups, revised the regulation, greatly expanding its claimed jurisdictional authority. The revised regulation became known as the Tulloch Rule. Nat’l Mining Ass’n v. United States Corps of Eng'rs, 145 F.3d 1399, 1401-02 (D.C.Cir.1998). The Tul-loch Rule was then challenged in American Mining Congress v. United States Army Corps of Engineers, 951 F.Supp. 267 (D.D.C.1997). This litigation resulted in a nationwide injunction entered by the District Court of the District of Columbia on January 23, 1997, prohibiting implementation of the regulation. Although stayed for a period of time beginning on June 25, 1997, the injunction was in full force and effect during all times relevant to this action and was ultimately affirmed by the United States Court of Appeals for the District of Columbia Circuit in 1998. National Mining Ass’n, 145 F.3d at 1410.